# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PA** | : | |
| | : | |
| | | **CIVIL ACTION NO. 3:19-1401** |
| v. | : | |
| | | **(Judge Mannion)** |
| **ANTONELLO BOLDRINI,** | : | |
| | : | |
| **Defendant** | | |

## MEMORANDUM

Presently before the court is the *pro se* September 20, 2019 motion of defendant Antonello Boldrini to withdraw his prior "Motion to Discontinue" the case and to re-open his case. (Doc. 12). Boldrini's Motion to Discontinue, (Doc. 10), was previously construed by the court as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(I). Thus, on August 27, 2019, the court closed Boldrini's case. (Doc. 11).

Prior to the filing of Boldrini's Motion to Discontinue, (Doc. 10), Judge Saporito, who was assigned this case for pre-trial matters, issued a Report on August 22, 2019. In his Report, Judge Saporito properly found that Boldrini's *pro se* "Notice of Removal to Federal Court", (Doc. 1), filed pursuant to 28 U.S.C. §1455, regarded two summary traffic citations issued to Boldrini by the Pennsylvania State Police for exceeding the speed limit, should be remanded to state court. (Doc. 9).

Boldrini had been found guilty of both traffic citations by state magisterial district judges, and he had a state court appeal pending in one of the cases. Boldrini's state court time to appeal his second conviction had not lapsed at the time Judge Saporito issued his Report.

In his Report, Judge Saporito discussed the grounds for removing a criminal prosecution to federal court provided for in 28 U.S.C. §§1442, 1442a, and 1443. He then found that Boldrini did not satisfy any of the substantive criteria for removal of a criminal prosecution. Since the court concurs with Judge Saporito's analysis, it does not repeat it herein. (Doc. 9 at 6-8). Thus, based on the Report, it was immanently clear that Boldrini's Notice of Removal of his traffic cases should be remanded to state court pursuant to 28 U.S.C. §1455(b)(4).[1] *See* Pennsylvania v. Brown-Bey, 637 Fed.Appx. 686 (3d Cir. 2016).

On August 23, 2019, in response to Judge Saporito's Report, Boldrini filed his "Motion to Discontinue" his case stating that one of the traffic citations was terminated on August 14, 2019 and paid, and that other citation was on appeal. (Doc. 10). Thus, the court dismissed Boldrini's case pursuant

---

[1] Title 28 U.S.C. §1455, which pertains to the procedure for removal of criminal prosecutions, provides at (b)(4): "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

2

Fed.R.Civ.P. 41(a)(1)(A)(I), and the case was closed. (Doc. 11).

In his instant motion, Boldrini seeks to withdraw his "Motion to Discontinue" and re-open his case claiming that he was a "victim of the abuse of power of [Judge Saporito] and [his] partner [Judge Mannion]", and that his decision to discontinue was "made under duress due to the threat of [Judge] Saporito to consider [his] case a criminal case" and to "harass" him. Boldrini further states that he accuses "Saporito & Mannion" "under the RICO."

On the same day Boldrini filed his motion to re-open his case, he also filed a Notice of Appeal to the Third Circuit seeking an order to set aside all of the Orders Judge Saporito issued in his case as well as this court's Order dismissing his case. (Doc. 13). Boldrini also seeks the Third Circuit to re-open his case and assign different judges to preside over it since he alleges that Judge Saporito and the undersigned "conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice."

In Braun v. Gonzales, 2013 WL 1405946, *1 (D.Del. 2013), the court explained:

> "Rule 41 has a set of procedures in place whereby a plaintiff may proceed with caution in refiling the complaint, as a way to discourage plaintiffs from repeatedly filing and voluntarily dismissing complaints in federal court." Thomas v. Ramapo Coll. of New Jersey, 2011 WL 3206448, at *2 (D.N.J. July 27, 2011). When the Court granted Plaintiff's motion to voluntarily dismiss the case, it removed the case from the Court's docket. *See* Penn West Associates, Inc. v. Cohen, 371 F.3d 118, 132 (3d Cir. 2004). Plaintiff may not restore the case to the docket simply by moving

3

to reopen. Rather, Plaintiff must refile the complaint, assuming her claims are not time-barred. *Id*.

Although Boldrini alleges that he filed his request to dismiss his case under duress and threat by Judge Saporito, he offers no support to substantiate his baseless allegations. Rather, Boldrini only relies upon the Orders and the Report Judge Saporito issued in his case to support his allegations and he claims that the threat of the Judge was to consider his case a criminal case. However, as discussed above, Judge Saporito's Report recommending the remand of Boldrini's case to state court was well-reasoned, based on the law and was correctly determined. *See* Pennsylvania v. Brown-Bey, *supra*.

Accordingly, Boldrini's "Motion to Withdraw Discontinue" and re-open his case will be **DENIED**. Boldrini's case will remain dismissed pursuant to the court's August 27, 2019 Order. (Doc. 11). An appropriate order will be entered.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 9, 2019**
19-1401-01